Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8888 | **DATE** | 7/25/2012 |
| **CASE TITLE** | Ousama T. Assil, et al. vs. Deutsche Bank National Trust Company, et al. | | |

**DOCKET ENTRY TEXT**

Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [7] is granted. Plaintiffs Ousama and June Assil, however, are granted leave to file an Amended Complaint on or before August 24, 2012. If Plaintiffs avail themselves of this opportunity, they are admonished to take into account the various other issues raised by Defendants in the instant motion to dismiss.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendants Deutsche Bank National Trust Company, as Indenture Trustee for Carrington Mortgage Loan Trust, Series 2005-FRE1 Asset-Backed Pass-Through Certificates under the Pooling and Servicing Agreement Dated October 1, 2005; Signature Group Holdings, Inc., successor in interest to Fremont Investment & Loan; Carrington Mortgage Services, LLC; Mortgage Electronic Registration Systems, Inc.; and Stanwich Asset Acceptance Company, LLC (collectively, "Defendants") motion to dismiss Plaintiffs Ousama and June Assil's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

Under Rule 8, a complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "simple, concise, and direct" allegations, id. (d)(1). This Rule:

> [R]equires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

United States ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Although Rule 8 does not require "'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Dismissal of a complaint is proper if it is unintelligible, id., or if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 625 (7th Cir. 2007) (internal quotation marks and citation omitted) (alteration in original); see also Srivastava v. Daniels, 409 F. App'x 953, 955 (7th Cir. 2011).

Plaintiffs' Complaint, at 151 paragraphs covering 35 pages, is sketchy and unintelligible. "Length

| STATEMENT |
|---|

may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." United States ex rel. Garst, 328 F.3d at 378. Here, Plaintiffs' "kitchen-sink" Complaint is deficient for a multitude of reasons. Plaintiffs' Complaint is unnecessarily long, vague, confusing, and riddled with irrelevant and conclusory allegations, including citations to, *inter alia*, an internet blog, a television show, and a Texas Magistrate's Report and Recommendation interpreting Texas state law. Indeed, Plaintiffs include a footnote quoting "Fraud Digest," which spans 85 lines, single-spaced, comprising nearly two pages of their Complaint. As such, dismissal is appropriate for failure to comply with Rule 8. See Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011).

Although the Court construes Plaintiffs' pro se pleadings liberally, it is "well established that pro se litigants are not excused from compliance with procedural rules." Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) (citations omitted). Because Plaintiffs' Complaint fails to comply with the minimal pleading requirements set forth in Rule 8, Defendants' motion to dismiss is granted. Plaintiffs, however, are granted leave to file an Amended Complaint on or before August 24, 2012. If Plaintiffs avail themselves of this opportunity, they are admonished to take into account the various other issues raised by Defendants in the instant motion to dismiss.

IT IS SO ORDERED.